# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **FECON, INC.,** | Case No. 1:18-cv-748 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **DENIS CIMAF, INC.,** | |
| Defendant. | |

Fecon, Inc. ("Fecon"), for its complaint against Defendant Denis Cimaf, Inc. ("Cimaf"), states as follows:

## SUMMARY AND NATURE OF THE ACTION

1. This is an action for patent infringement. Fecon owns a design patent for the ornamental design of a mulcher tooth, and Defendant Cimaf sells mulcher teeth that are covered by the design patent. Fecon files this lawsuit to put an end to Defendant Cimaf's infringement and to recover damages resulting from Defendant Cimaf's misconduct.

## PARTIES

2. Fecon is an Ohio corporation having an office and principal place of business at 3460 Grant Drive, Lebanon, Ohio 45036.

3. Defendant Cimaf is a Canadian corporation with its principle place of business in Roxton Falls, Quebec, Canada.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patent infringement).

5. Because Defendant Cimaf is a Canadian corporation, venue in this judicial district is proper at least under 28 U.S.C. § 1391(c)(3) and *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 711 (1972).

6. This Court has personal jurisdiction over Defendant Cimaf under the Ohio long-arm statute, Ohio Rev. Code § 2307.382, at least because (i) Defendant Cimaf, on information and belief, regularly does and solicits business, engages in other persistent courses of conduct, and derives substantial revenue from goods used or consumed or services rendered in Ohio; and, as set forth more fully below, (ii) Fecon's claim arises out of Defendant Cimaf's (1) transacting business in Ohio, (2) causing tortious injury by acts in Ohio, and (3) causing tortious injury in Ohio.

## PATENT-IN-SUIT

7. United States Patent No. D795,931 (the "D'931 patent") is titled "Land Clearing Tool Interface" and issued on August 29, 2017. Attached as Exhibit 1 is a copy of the D'931 patent.

8. Fecon is the owner of the D'931 patent by assignment.

## BACKGROUND FACTS

### *The Business of Fecon*

9. Fecon is the industry leader in forestry mulching attachments.

10. For example, Fecon sells a line of hydraulic mulchers that attach to skid steers—small, rigid-frame, engine-powered machines with lift arms, such as the skid steer manufactured by John Deere depicted in the below image:



11. Below are images of a Fecon mulcher attachment (left) and a John Deere skid steer (right) with the Fecon mulcher attached:

 

12. Fecon also sells various cutting "teeth" that fasten to mulchers; specifically, these teeth fasten to a mulcher rotor, such as the drum-style rotor depicted in the image below (teeth shown in red):

3



13. Fecon's D'931 patent claims the design of "a land clearing tool interface," *i.e.*, a V-back mulcher tooth interface. Below are exemplary Figures 2 and 3 from the D'931 patent:



*Defendant Cimaf Sells Infringing Products*

14. Defendant Cimaf is in the business of making, using, commercializing, and/or importing cutting teeth ("Infringing Products") described in the D'931 patent.

15. For example, below are images of the Infringing Products from Cimaf's website and from a Cimaf video on YouTube (annotations in original):

4



http://www.deniscimaf.com/litt/en/EN_DAH-085B_web.pdf   https://www.youtube.com/watch?v=RHPwEECC1Pg

16. On or about August 31, 2018, Fecon wrote Defendant Cimaf, enclosing a copy of the D'931 patent and putting Defendant Cimaf on notice of the patent and of Defendant Cimaf's infringement of the patent.

17. As explained in Fecon's correspondence to Defendant Cimaf, the design of the Infringing Products' V-back and the design of the D'931 patent are virtually identical; indeed, it is highly unlikely that Defendant Cimaf used the V-back design of the Infringing Products without prior knowledge of the design set forth in the D'931 patent.

18. On information and belief, Defendant Cimaf is marketing, advertising, selling, and offering for sale these teeth in Ohio, in this judicial district, throughout the United States, and in other jurisdictions worldwide over the Internet.

**FIRST CLAIM FOR RELIEF**
**(Patent Infringement)**

19. Fecon repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

20. Defendant Cimaf, without authorization from Fecon, has distributed, advertised, promoted, offered for sale, and sold mulcher teeth, the designs of which are substantially the same as the design set forth in the D'931 patent.

21. Defendant Cimaf's infringing teeth include at least the Infringing Products, and they appropriate the novel ornamental features set forth in the D'931 patent such that an ordinary observer, giving such attention as a purchaser usually gives, would find Fecon's patented design and Defendant Cimaf's designs to be substantially the same, and the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it be the other.

22. By the foregoing acts, Defendant Cimaf has infringed the D'931 patent.

23. Fecon owned the D'931 patent through the period of the infringing acts of Defendant Cimaf, and Fecon still owns the D'931 patent.

24. Fecon has been and continues to be damaged and otherwise harmed by Defendant Cimaf's infringement, and Fecon will be irreparably harmed unless Defendant Cimaf's infringing activities are enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Fecon prays for judgment and relief against Defendant Cimaf, including:

A. Adjudging that Defendant Cimaf has infringed the D'931 patent;

B. Permanently enjoining Defendant Cimaf, its agents, suppliers, distributors, servants, employees, successors, assigns, and all persons acting in concert or participation with Defendant Cimaf from continuing acts of infringement of the D'931 patent;

C. Awarding Fecon compensatory damages, together with pre-judgment and post-judgment interest; and

D. Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff Fecon demands a trial by jury for all issues so triable.

        Respectfully submitted,

        /s/ John F. Bennett
        John F. Bennett (0074506)
           *Trial Attorney*
        Paul M. Ulrich (0071520)
        Ulmer & Berne LLP
        600 Vine Street, Suite 2800
        Cincinnati, Ohio 45202-2409
        Telephone:  (513) 698-5000
        Facsimile:   (513) 698-5153
        jbennett@ulmer.com
        pulrich@ulmer.com

        ATTORNEYS FOR FECON, INC.